FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

KATHLEEN MUNIVE, )
 )
    Plaintiff, )
 )
v. ) Case No. 1:19cv867
 ) LMB/JFA
FAIRFAX COUNTY SCHOOL BOARD, )
 )
    Defendant. )

## COMPLAINT

COMES NOW Plaintiff, Kathleen Munive and respectfully submits her Complaint against Defendant Fairfax County School Board.

## INTRODUCTION

1. Plaintiff holds two Masters degrees, a PhD, and has been teaching English Speakers of Other Languages ("ESOL") for 23 years. She has spent 33 years in education. Most people with her experience, performance record, and qualifications would have been elevated to administrative positions long ago. But Plaintiff's career has been derailed by Fairfax County Public School's ("FCPS") pervasive culture of bullying and retaliation.

2. In 2016, Plaintiff filed a retaliation lawsuit against the Fairfax County School Board ("FCSB") after the Assistant Superintendent told her that HR would not remove a baseless Letter of Reprimand in Plaintiff's personnel file – despite school policy requiring them to do so – in order to "teach her a lesson" for filing a prior EEOC

complaint. FCPS was not chastened by the lawsuit; instead, they responded with a new campaign of retaliation against Plaintiff.

3. This campaign has proceeded on several fronts. School administrators have spread defamatory rumors about her, impugned her competence and integrity, and then refused to investigate Plaintiff's complaints or take corrective action. This has left Plaintiff socially ostracized and sent a clear a signal: if a teacher files a complaint, they will be left to the proverbial wolves. HR will not intervene if the complainant is bullied or harassed.

4. This campaign has also stalled her professional development. In the summer of 2018, Plaintiff was passed over for a promotion by a teacher with a fraction of Plaintiff's experience and who had no PhD. Defendant denied Plaintiff that promotion to make her into a cautionary tale of what happens when a teacher speaks publicly against FCPS.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-3(a).

6. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) because the unlawful actions that gave rise to Plaintiff's claims occurred in this district.

7. Plaintiff has complied with all statutory prerequisites to her Title VII claim. On March 10, 2019 – less than 300 days after being denied a promotion – Plaintiff filed an EEOC charge alleging retaliation. The EEOC issued a Notice of Right to Sue on March 29, 2019. This complaint is made within 90 days of the Notice of Right to Sue.

## PARTIES

8. Plaintiff Kathleen Munive is currently an English Speakers of Other Languages ("ESOL") Teacher at Mountain View Alternative High School.

9. Defendant Fairfax County School Board ("FCSB") is responsible for overseeing the operation and management of the public education system in Fairfax County.

**Plaintiff's 2016 Lawsuit**

10. In July 2007, Plaintiff filed an EEOC complaint against FCSB alleging race and gender discrimination. Around the same time, Plaintiff began filing yearly petitions seeking the removal of a baseless Reprimand Letter that had been placed in her file the year earlier. Despite repeated promises that the Letter would be removed and school policy requiring its removal, each of her requests was rejected.

11. For six years, Plaintiff was flummoxed as to why her requests were being denied. However, in 2013, FCPS administrators revealed the reason: they told her that the Reprimand Letter would not be removed because Plaintiff needed to be "taught a lesson" for filing the 2007 EEOC complaint.

12. After this startling admission, Plaintiff filed an EEOC complaint alleging retaliation. In April 2015, she received a determination from the EEOC that FCPS had retaliated against her, and in May 2016, Plaintiff received a Right to Sue Letter from the EEOC.

13. On August 21, 2016, Plaintiff filed a lawsuit in this Court alleging retaliation under Section 1983 and Title VII.

14. On February 24, 2017, the Court granted the FCSB' motion to dismiss as to all claims. Plaintiff filed a timely appeal and the Fourth Circuit Court of Appeals reversed and reinstated her Title VII claims on November 7, 2017.

15. In or around January 2018, FCPB renewed a settlement offer to dispose of her Title VII claims; Plaintiff rejected that offer.

**Retaliation For Pursuing the Title VII Lawsuit**

16. Defendants responded to the filing of the 2016 lawsuit, Plaintiff successful appeal, and her refusal to accept the settlement offer in the same manner that they responded to Plaintiff's prior lawsuit: by retaliating against Plaintiff in a myriad of ways ranging from the subtle but pervasive, to blatant professional sabotage.

17. After the lawsuit was filed, Plaintiff met with Kevin Sills, the Director of the Office of Equity and Employee Relations ("EER") Office, and Chace Ramey, the Assistant Superintendent of Human Resources at FCPS, to discuss the EEOC Letter of Determination. As the Director of EER, Sills' job was to be an impartial arbiter between the teachers and administration. He was anything but. During that meeting, Sills raised his voice and berated her for being rude, combative, and dishonest. Ramey accused her of using the lawsuit as a means of extorting the school.

18. Sills' position gave him particular sway over promotion decisions in Plaintiff's school. His conduct during the meeting gave Plaintiff a reasonable fear that he would use his authority to obstruct her attempts to get promoted. That fear was subsequently proven correct.

19. Defendants also commenced a whisper campaign against Plaintiff designed to ostracize her from her colleagues and poison her relationship with the administrators and supervisors responsible for promoting her. For example, Plaintiff learned that in or around December 2016 that Patricia Granada – the principal of Eagle View Elementary School – and Sandra Edwards, the Assistant Principal of Eagle View Elementary School – had begun spreading rumors that Plaintiff had vindictively filed a complaint against Eagle View Elementary School, which had embroiled several of her colleagues. Granada and Edwards knew that Plaintiff played no role in that complaint; the reason they spread

those rumors was to tarnish Plaintiff's reputation, ostracize her from her colleagues, and cast her as a disloyal nuisance. They succeeded.

20. Plaintiff was approached by numerous colleagues who told her that she was being maligned as a "snitch." Another colleague threatened her: "You better be careful. You need to make sure which side you are on."

21. On January 24, 2017, Plaintiff emailed a copy of a complaint regarding this conduct to Frances Ivey – then the Assistant Superintendent of Region 5 – and requested an investigation. Two days later, Ivey responded that she would contact HR and request an investigation.

22. According to internal regulations, HR has to take action on such a request within 10 days. No action was taken; no investigation was initiated.

23. On February 16, 2017, Plaintiff filed four internal Workplace Harassment Complaints with Steven Lockard, then the Assistant Superintendent of FCPS. The first complained that Ivey had failed to take action to investigate or curb the false and defamatory statements being made by Plaintiff's administrators about her.

24. The second internal Workplace Harassment Complaint concerned the meeting with Sills and subsequent negative statements he had made about Plaintiff. In this complaint, she stated her fear that Sills would use his influence and position of power to vilify Plaintiff and ensure that she was denied promotion.

25. The third internal Workplace Harassment Complaint concerned the false allegations by Granada and Edwards that Plaintiff had filed a complaint that had resulted in an investigation of Plaintiff's colleagues at Eagle View Elementary School.

26. The fourth internal Workplace Harassment Complaint stated that Ramey had been emailed Plaintiff's prior complaints against Sills, Granada, and Edwards, but had taken no action to investigate or halt the whisper campaign.

27. On February 24, 2017, Lockard emailed Plaintiff to confirm receipt of the complaints. In this email he stated: "We are in the process of reviewing your concerns and will be back with you as it relates to next steps."

28. To date, no one in FCPS has taken any steps to investigate those complaints. Plaintiff is aware of at least two other teachers who filed complaints against misconduct of a similar magnitude during this time period. Those complaints were fully investigated and corrective action was taken within weeks. The only difference between Plaintiff and those other two teachers is that the latter did not file an EEOC complaint or lawsuit against the school.

29. Defendants' refusal to investigate the complaints has sent a clear signal: Plaintiff is fair game. The HR protections that FCPS offers against harassment, retaliation, bullying will not be extended to her or anyone else who dares file an EEOC complaint or a lawsuit against the school.

30. In June 2018, Plaintiff applied for a position as "Educational Specialist, ESOL," an administrative position which would have entailed greater responsibility and greater pay. Among the required qualifications in the job listing were a "Postgraduate Professional License" and at least five years of teaching. Plaintiff has two Masters degrees and a PhD in education; she has more than 23 years teaching ESOL, 22 of which were at FCPS, and 33 years of teaching experience. She is a National Board Certified Teacher.

31. Despite these qualifications, Plaintiff did not even get an interview for the position. When she asked school administrators, they said that they wanted someone with "more experience." However, this was a blatant pretext: Plaintiff subsequently learned that, in July or August 2018, they had given the position to a man with approximately five years of teaching experience, who had one Masters' degree (compared to Plaintiff's two) and no PhD. Unlike Plaintiff, the individual that got the position is not a National Board Certified Teacher.

32. The real reason Plaintiff was denied this promotion was to punish her for pursuing her Title VII lawsuit.

## COUNT ONE

### Retaliation in Violation of Title VII

33. Plaintiff incorporates paragraphs 1-32 by reference.

34. Defendant FCSB has retaliated against Plaintiff in violation of Title VII for exercising her right to file and for continuing to pursue a Title VII complaint in federal court. Specifically, in or around July or August 2018, Defendant denied Plaintiff a job promotion that she would have received but for the Title VII complaint and gave the promotion to an individual with significantly fewer qualifications.

35. FCBS has shown that it has a long memory and that it will continue to retaliate against employees for *years* after they engage in protected activity. For example, FCPS officials admitted to Plaintiff that they were receiving instructions from the highest echelons of FCPS to refuse requests to remove a baseless reprimand letter to "teach her a lesson" for filing an EEOC complaint *six years prior.*

36. Defendant apparently embraces its reputation for holding a grudge. When Plaintiff asked how a colleague might transfer to another position without upsetting the principal, she was told by her supervisor: "She better be careful. If the principal wants her gone, it will happen. If she fights it HR (meaning the Office of Equity and Compliance, now called EER) will make her life miserable. The mantra here [at FCPS] is: a woman will either emotionally break or become financially broke. So, they do whatever they can to drag out the process so we win, regardless of the truth." When Plaintiff responded that such behavior was unlawful and unethical, her supervisor responded that nothing could be done because those sorts of decisions were made or ratified by people at the "top of the food chain." On information and belief, Plaintiff was referring to individuals with policymaking authority in FCPS.

37. Had Plaintiff not filed the Title VII complaint, had she not successfully appealed the dismissal of that complaint in late 2017, or had she agreed to withdraw the complaint in January 2018, Defendant would not have denied Plaintiff the promotion.

38. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

    A. A declaratory judgment that the actions conduct, and practice of Defendants complained of herein violate the laws of the United States.

B. An order directing Defendants to place Plaintiff in the position she would have occupied but for the retaliatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

C. An award of compensatory and punitive damages in an amount to be determined at trial;

D. An award of costs that Plaintiff has incurred in this action; and

E. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 26, 2019.

Respectfully submitted,

Kathleen Munive
6916 Kona Drive
Gainesville, VA
20155

*Kathleen Munive*
703-819-3843

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

Kathleen Munive
_____
Plaintiff(s),

v.

Fairfax County School Board
_____
Defendant(s).

Civil Action Number: 1:19cv867

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of_____.
                                                              (Title of Document)

_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

OR

The following attorney(s) ~~prepared or assisted~~ reviewed me in preparation of Complaint.
                                                                           (Title of Document)

Kelly Crawford
(Name of Attorney)

401 Kambach St, Pittsburgh, PA 15211
(Address of Attorney)

412-312-1142
(Telephone Number of Attorney)

~~Prepared, or assisted~~ reviewed in the preparation of, this document

Kathleen Munive
(Name of *Pro Se* Party (Print or Type)

/s/ Kathleen Munive
Signature of *Pro Se* Party

Executed on: 6/27/19 (Date)